FILED
U.S. DISTRICT COURT
SAVANNAH
2013 FEB -1 PM 5: 0

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

VISALUS, INC.,

    Plaintiff,

v.

AMBER THEN and OCEAN AVENUE LLC,

    Defendants.

CASE NO. CV413-028

# O R D E R

Before the Court is Plaintiff ViSalus, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3.) In the motion, Plaintiff seeks to prohibit Defendants from recruiting and soliciting Plaintiff's distributors. (Id. at 11.) Because the Court is unable to determine whether it has jurisdiction over this case, Plaintiff is **DIRECTED** to file, within **thirty days** from the date of this order, an amended complaint that includes the citizenship of each party to this case, specifically the names and citizenships of each member of Ocean Avenue LLC. When filing its amended complaint, Plaintiff should refrain from incorporating by reference any portion of their initial complaint. The amended complaint should be a stand-alone filing that independently contains all of Plaintiff's factual allegations and claims for relief. The

Court **DEFERS** ruling on any pending motion in this case until it is satisfied of its jurisdiction to entertain this dispute.

**BACKGROUND**

This case stems from Defendant Amber Then's alleged violation of two non-solicitation agreements and a non-compete agreement she entered into with Plaintiff. (Doc. 3 at 1.) In November 2010, Defendant Then became a distributor with Plaintiff–a network marketing company that sells weight management, nutritional, and energy products. (Doc. 1 ¶ 17.) At that time, Defendant Then signed two non-solicitation agreements. These non-solicitation agreements limited Defendant Then's ability to solicit or recruit any of Plaintiff's distributors for one year following her departure. (Doc. 1 Exs. A, B.)

In December 2012, Plaintiff suspended Defendant Then after it believed she was working for a direct competitor, Defendant Ocean Avenue. Defendant Then requested to be reinstated by Plaintiff. (Doc. 1 ¶¶ 30, 31.) On December 14, 2012, Plaintiff reinstated Defendant Then after she signed a non-compete agreement. (Doc. 1 Ex. C.) The non-compete agreement prohibited her from working for Defendant Ocean Avenue for a period of one year following her employment with Plaintiff. (Doc. 1 ¶ 31.) According to

2

Plaintiff, on December 28, 2012, Defendant Then resigned and immediately began to work for Defendant Ocean Avenue. (Id. ¶ 33.) Plaintiff contends that Defendant Then's actions violate the non-compete agreement and that as a result, Plaintiff has suffered and will continue to suffer substantial business losses. (Id. ¶ 36.) Based on these grounds, Plaintiff filed a verified complaint and the current motion requesting the entry of a temporary restraining order and preliminary injunction against Defendant Then and Defendant Ocean Avenue.

**ANALYSIS**

In this case, the Court need not address the merits of Plaintiff's motion because the Court is unable to conclude that this case falls within its jurisdiction.[1] The party

---

[1] Additionally, the Court notes that in order for a temporary restraining order to be issued without written or oral notice to the adverse party, Federal Rule of Civil Procedure 65(b)(1) requires that

> (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

While Plaintiff has filed a verified complaint, the record contains no written certification from Plaintiff's counsel

3

invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1971)[2] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof.") For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of any state in which any of its members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to sufficiently allege the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, Plaintiff has failed to provide a list of the individual members, along with their citizenship, of Defendant Ocean Avenue. Rather, Plaintiff has merely provided the general and factually unsupported conclusion

---

of any efforts made to give notice to the adverse party or reasons why such notice should not be required.
[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

that complete diversity exists because "no members of Ocean Avenue are citizens of Georgia." (Doc. 1 ¶ 4.) Such general allegations, however, are insufficient for Plaintiff to carry its burden of establishing complete diversity between the parties. See Ray 519 F.2d at 1082.

## CONCLUSION

For the foregoing reasons, Plaintiff is **DIRECTED** to file, within **thirty days** from the date of this order, an amended complaint that includes the citizenship of each party to this case, specifically the names and citizenships of each member of Ocean Avenue LLC. When filing its amended complaint, Plaintiff should refrain from incorporating by reference any portion of their initial complaint. The amended complaint should be a stand-alone filing that independently contains all of Plaintiff's factual allegations and claims for relief. The Court **DEFERS** ruling on any pending motion in this case until it is satisfied of its jurisdiction to entertain this dispute.

SO ORDERED this /5T day of February 2013.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA